## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLYDE GREEN,** | : | **CIVIL NO. 1:CV-12-00982** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN JON FISHER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Clyde Green, an inmate currently confined at the State Correctional Institution at Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a *pro se* complaint on May 24, 2012. (Doc. 1.) Plaintiff has also asserted pendant state law claims of negligence. Named as Defendants are Corizon, Inc., and two medical providers at SCI-Smithfield ("Medical Defendants"), as well as a number of Department of Corrections ("DOC") employees located at SCI-Smithfield ("DOC Defendants").[1] In the complaint, Plaintiff alleges that he sustained injuries on two separate occasions at SCI-Smithfield, and has subsequently been denied adequate medical care. Plaintiff seeks compensatory and punitive damages.

---

[1] The Medical Defendants include Corizon, Inc., and two employees, Christina Doll and Ronald Long. The DOC Defendants are as follows: Jon Fisher, Rebecca Sue Hannah, William Dreibelbis, James Fouse, William Felton, Tim Rohrer, SCI-Smithfield, and DOC.

Presently before the court are two motions to dismiss, filed by both sets of Defendants. For the reasons set forth below, the motions will be granted and Plaintiff's claims will be dismissed with prejudice in part and without prejudice in part. To the extent Plaintiff's claims will be dismissed without prejudice, Plaintiff will be afforded leave to amend his complaint.

## I. __Background__

In his complaint, Plaintiff provides the following factual background with respect to his claims, which the court will accept as true and view in a light most favorable to Plaintiff for purposes of disposition of the instant motions to dismiss.

### A. __Facts__

At approximately 5:20 p.m. on September 30, 2011, Plaintiff picked up his food tray and was directed to a table by a staff member while in SCI-Smithfield's dining hall. (Doc. 1 ¶ 14.) When he sat down at the table, it snapped from its floor foundation, causing Plaintiff to sustain injuries. (*Id.*)

Plaintiff was transported to the facility's medical department with complaints of wrist and lower back pain. (*Id.* ¶ 15.) He was treated with valium and ibuprofen, his wrist was wrapped, and he was sent to his housing unit. (*Id.*) Upon returning to his cell, Plaintiff "was immediately rendered unconscious . . . and remained that way

2

until waking in the early morning hours unable to move and in excruciating and intense lower back pain and leg numbness." (*Id.* ¶ 16.) He was taken to the medical department and later transported to an outside hospital by ambulance. (*Id.* ¶ 17.) At the outside hospital, an emergency room doctor informed Plaintiff that an x-ray revealed no broken bones, but ligament or nerve damage could not be ruled out. (*Id.* ¶ 18.)

Upon his return to SCI-Smithfield, Plaintiff was placed in the infirmary, prescribed valium and vicodin, and placed in a "secluded area where the plaintiff only saw a nurse when medication was being dispensed." (*Id.*) As a result, he could not notify the nurse station of his pain until a nurse came to his medical cell. (*Id.* ¶ 19.) Further, the medical cell had no support rails, and Plaintiff was barely able to stand or walk, and was heavily medicated. (*Id.* ¶ 20.) As a result, on October 3, 2011, Plaintiff fell in this cell, "severely banging his head and was unable to move only to be discovered by a correctional officer making rounds." (*Id.*) Upon discovery, Plaintiff was immediately taken to a local hospital. (*Id.* ¶ 21.)

Plaintiff alleges that, since these incidents, he has been suffering with "excruciating pain, headaches, blurred vision[,] and leg numbness." (*Id.* ¶ 21.) He also alleges that he has been making complaints for "about four months," but has been denied further tests to discover the source of his pain and suffering. (*Id.*)

**B.    Procedural History**

Plaintiff filed his complaint and motion for leave to proceed *in forma pauperis* on May 24, 2012. (Docs. 1 & 3.) By order dated June 7, 2012, the court granted the motion to proceed *in forma pauperis*, and directed service of the complaint on the Defendants named therein. (Doc. 10.)

On July 11, 2012, the DOC Defendants filed a motion to dismiss the complaint and brief in support. (Docs. 20 & 21.) On July 16, 2012, Medical Defendants filed a motion to dismiss and supporting brief. (Docs. 23 & 24.) Plaintiff filed briefs in opposition to these motions on July 25, 2012, and August 1, 2012, respectively. (Docs. 26 & 28.) Medical Defendants filed a reply brief on August 8, 2012. (Doc. 30.) After being granted an extension of time (*see* Doc. 27), Plaintiff filed a certificate of merit on August 8, 2012 (Doc. 29). Thus, the motions to dismiss are ripe for disposition.

**II.    Standard of Review**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in the context of Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *accord, e.g., Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual

allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public

6

record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal quotation omitted)). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to

7

less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. <u>Discussion</u>

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the alleged conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). The defendant's conduct must have a close causal connection to the plaintiff's injury in order for § 1983 liability to attach.

*Martinez v. California*, 444 U.S. 277, 285 (1980).[2] A prerequisite for a viable civil rights claim is that the defendant directed, or knew of and acquiesced in, the deprivation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id.*

As stated above, there are two motions to dismiss pending in the instant case. In the DOC Defendants' motion to dismiss, they argue that the complaint should be dismissed on the following grounds: (1) the section 1983 claims against the DOC Defendants in their official capacities are barred by the Eleventh Amendment; (2) the section 1983 claims against the DOC are barred by the Eleventh Amendment; (3) SCI-Smithfield is not a properly-named Defendant;[3] (4) the Eighth Amendment

---

[2] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

[3] The docket in this case indicates SCI-Smithfield as a separately named Defendant. However, upon review of the complaint, it does not appear that Plaintiff intended to name SCI-Smithfield as a separate Defendant. In his brief in opposition to the motion to dismiss, Plaintiff does not argue otherwise. (*See* Doc. 26.) Thus, the Clerk of Court will be directed to dismiss Defendant "State Prison Smithfield" as a party in this action.

conditions of confinement claim relating to unsafe prison conditions fails to allege

any personal involvement on the part of the DOC Defendants; (5) Plaintiff has failed

to state an equal protection claim; (6) the negligence claim arising from the fall from

the dining table fails to allege any personal involvement on the part of the DOC

Defendants; (7) the negligence claim arising from the fall from the bed is barred by

the doctrine of sovereign immunity; and (8) the Eighth Amendment deliberate

indifference claim relating to treatment for Plaintiff's injuries must be dismissed as to

the DOC Defendants because they are nonmedical prison officials.

In the Medical Defendants' motion to dismiss, they argue that the complaint

should be dismissed on the following grounds: (1) Plaintiff has failed to set forth a

claim of Eighth Amendment deliberate indifference to a serious medical need; (2) the

negligence claims should be dismissed because Plaintiff failed to file a certificate of

merit[4] and has failed to allege the Medical Defendants' personal involvement; and (3)

Plaintiff's claim for punitive damages cannot stand as a separate cause of action, and

the complaint lacks factual support for an award of punitive damages;[5] and (4)

---

[4] As Plaintiff was granted an extension of time to file a certificate of merit (Doc. 27), and Plaintiff has since timely filed a certificate of merit, (Doc. 29), the court need not address this allegation with respect to the failure to file a certificate of merit.

[5] In his brief in opposition to the Medical Defendants' motion to dismiss, Plaintiff asks this court to consider whether to award punitive damages for his section 1983 and negligence claims. (Doc. 28 at 7.) Based on Plaintiff's counter argument to Medical Defendants' motion to dismiss, the court will not consider Plaintiff's Count IV - Punitive Damages as a separate cause of action; rather,

Plaintiff has failed to state a claim against Corizon. (*see* Doc. 30.) The court will first discuss the DOC Defendants' Grounds (1) - (3) and Medical Defendants Ground (4), as they relate to the dismissal of certain individually-named Defendants, followed by the remaining grounds as they pertain to Plaintiff's counts set forth in his complaint.

### A.     The DOC Defendants' Motion to Dismiss - Ground One - Official Capacity

The DOC Defendants contend that the Eleventh Amendment bars Plaintiff's claims for money damages against them in their official capacities. The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states or their agencies unless sovereign immunity has expressly been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). By statute, the Commonwealth of Pennsylvania has specifically withheld its consent to be sued. *See* 42 Pa. Cons. Stat. Ann. § 8521(b); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The doctrine of sovereign immunity also extends to a state official in his or her official capacity because "it is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself."

---

the court will construe this section as a request for relief. Further, based on the court's disposition of Plaintiff's claims on both motions to dismiss, the court will defer ruling upon punitive damages at this time.

*Garden State Elec. Inspection Servs. v. Levin*, 144 F. App'x 247, 151 (3d Cir. 2005) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In *Will*, the Supreme Court held that a state and state officers acting in their official capacities are not "persons" against whom a claim for money damages under § 1983 can be asserted. *Will*, 491 U.S. at 64. However, the Eleventh Amendment does not preclude a suit against a state official acting in his or her individual capacity. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). Accordingly, Plaintiff's claims for money damages against the DOC Defendants in their official capacities will be dismissed. To the extent that Plaintiff has brought § 1983 claims against Defendants in their individual capacities, however, those claims remain viable. *See Hafer*, 502 U.S. at 31 ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983.").

**B.     The DOC Defendants' Motion to Dismiss - Ground Two - DOC Immunity from Suit**

The DOC Defendants argue that Plaintiff's section 1983 claims against the DOC must be dismissed because they are barred by the Eleventh Amendment. The Eleventh Amendment is a jurisdictional bar that deprives federal courts of subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2

(3d Cir. 1996). It provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As developed, the Eleventh Amendment affords states immunity from suits brought by citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503-04 (3d Cir. 2001).

It is well-settled that the Commonwealth of Pennsylvania's Department of Corrections is a state agency, and, because it is "a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000) (citing 71 Pa. Cons. Stat. § 61). There are only three "narrowly circumscribed" exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law. *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 345 (3d Cir. 2003) (citing *MCI Telecomm. Corp.*, 271 F.3d at 503)).

Further, it is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983

13

suit. *Hafer*, 502 U.S. at 25-27. In *Will*, the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 action brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the state itself." *Will*, 491 U.S. at 71. As subsequently interpreted by the Supreme Court, "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against the DOC would be paid from the Pennsylvania state treasury. Furthermore, the DOC is completely funded by the state, and does not enjoy any measure of autonomy. Therefore, under *Will* and *Bolden*, the DOC is not a "person" for the purpose of § 1983, and therefore, is not a

properly named Defendant. As a result, the motion to dismiss the section 1983 claims against the DOC will be granted.

Furthermore, the DOC is statutorily immune from suit with regard to the pendant state law claim of negligence based on medical malpractice. Under Pennsylvania's sovereign immunity statute, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. Ann. § 2310. The General Assembly specifically waived sovereign immunity in nine areas, including cases involving medical professional liability. *See* 42 Pa. Cons. Stat. Ann. § 8522. [6] However, it is well-settled that immunity is waived only for claims asserted against health care employees, and not against individuals who are not medical professionals.

---

[6] The nine exceptions to sovereign immunity pursuant to 42 Pa. Cons. Stat. Ann. § 8522(b) are:

(1) operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody, or control of personal property in the possession or control of Commonwealth parties; (4) dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous condition of highways under the jurisdiction of Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; (6) care, custody, or control of animals in the possession or control of a Commonwealth party; (7) sale of liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of toxoid or vaccine.

*McCool v. Dep't of Corr.*, 984 A.2d 565, 570 (Pa. Cmwlth. 2009) (interpreting 42 Pa. Cons. Stat. Ann. § 8522(b)(2)).

Here, Pennsylvania's sovereign immunity statute bars Plaintiff's state law claim of negligence against the DOC. Although the claim falls within the category of waiver as "acts of health care employees of Commonwealth agency medical facilities or institutions," which would be the Department of Corrections, the DOC itself is not a health care employee. Thus, Plaintiff's state law claim of negligence based on medical malpractice set forth against the DOC will be dismissed. For the reasons set forth *infra*, the other state law claims of negligence against the DOC and the remaining DOC Defendants remain viable.

### C. Medical Defendants' Motion to Dismiss - Ground Four - Corizon

In the complaint, Plaintiff names "Contractor Corizon" as a Medical Defendant. Corizon, the entity that provides medical professionals to SCI-Smithfield, seeks dismissal based on Plaintiff's failure to state a federal claim. For the following reasons, the court will grant the motion to dismiss as to Defendant Corizon related to the federal claims.

A private health care provider acting under color of state law, such as Corizon, can be held liable under § 1983 for Eighth Amendment violations stemming from inadequate medical treatment of prisoners. *See Monell v. Dep't of Soc. Servs.*, 436

U.S. 658, 690 (1978); *Thomas v. Zinkel*, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001).

Such liability cannot rest on *respondeat superior* alone, but instead must be based on

some policy, practice, or custom within the institution that caused the injury. *See*

*Thomas*, 155 F. Supp. 2d at 412. Moreover, mere identification of a policy or custom

is not enough to establish liability; a plaintiff also must establish causation. In this

regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or

"affirmative link" between the health care provider's custom or policy and the

constitutional deprivation at issue. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.

1990). As such, there is no liability for the alleged misconduct of employees absent a

link or nexus between the custom or policy and the employee's misconduct because

such liability would be predicated upon the doctrine of *respondeat superior*. *Monell*,

436 U.S. at 691.

For the purposes of § 1983 analysis, a policy is made when a decision-maker

with final authority to establish such a policy issues an official proclamation, policy

or edict. *See Andres v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990); *Unterberg*

*v. Corr. Med. Sys., Inc.*, 799 F. Supp. 490, 497-98 (E.D. Pa. 1992). A custom, on the

other hand, "can be proven by showing that a given course of conduct, although not

specifically endorsed or authorized by law, is so well-settled and permanent as

virtually to constitute law." *Bielevicz*, 915 F.2d at 850. As a result, custom can be

17

established by "proof of knowledge and acquiescence." *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989); *Unterberg*, 799 F. Supp. at 498. Under the *Estelle* deliberate indifference test, deliberate indifference can be shown in the instant case, for example, if there is an established policy or custom that caused Corizon to intentionally deny or delay access to necessary medical treatment for non-medical reasons, or if officials intentionally interfered with a course of treatment once prescribed. *See Estelle*, 429 U.S. at 104-05; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Here, Plaintiff has not alleged the existence of any policy or custom attributable to Corizon with respect to his medical care that deprived him of his federal constitutional rights. In the complaint, Plaintiff generally asserts that, "[p]rior to September 30, 2011, [Corizon] permitted, encouraged, tolerated, ratified, and was deliberately indifferent to a pattern and practice of safety rules and policies, customs, and procedures at [SCI-Smithfield]." (Doc. 1 ¶ 26.) In reviewing his complaint, it is clear that Plaintiff lacks any support for this general allegation; rather, Plaintiff seeks to impose liability on Corizon solely as the entity responsible for providing health care to the population of SCI-Smithfield and as the employer of those individuals that allegedly failed to provide Plaintiff with adequate medical care. Accordingly, the court will dismiss Counts I and II against Corizon for failure to state a claim for

which relief may be granted. *See Riddick v. Modeny*, 250 F. App'x 482, 483-84 (3d Cir. 2007) (affirming district court's granting of private health care provider's motion to dismiss under Rule 12(b)(6), where court found "absent any allegation from which the court could infer Prison Health Services's direct involvement in the alleged deprivation of [the plaintiff's] constitutional rights, it was not liable on a theory of *respondeat superior*."). However, Corizon remains a party in this action because the court will exercise supplemental jurisdiction over Plaintiff's pendant state law claims, and will afford Plaintiff the opportunity to amend his complaint as to those claims of negligence against all Defendants. *See infra* Part III.G.

## D. Complaint Count I - Eighth Amendment Conditions of Confinement Claim

At Count I, Plaintiff alleges that the conditions at SCI-Smithfield violate his right to be free from cruel and unusual punishment. In their motion to dismiss, the DOC Defendants argue that Plaintiff has not alleged any personal involvement of the individually-named Defendants with respect to this claim. The court agrees. Therefore, the motion to dismiss will be granted without prejudice, and the claim, as asserted, will be dismissed.

It is well established that personal liability under § 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v.*

19

*Goode*, 423 U.S. 362, 368 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). It is also well settled in the Third Circuit that a defendant's personal involvement in alleged constitutional deprivations is a requirement in a § 1983 case, and a complaint must allege such personal involvement. *Hampton*, 546 F.2d at 1082. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which the plaintiff's claims are based. *Id.* As the court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207 (citations omitted). Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status alone will not subject the official to section 1983 liability. *Id.* at 1208.

In the instant case, Plaintiff claims that the conditions at SCI-Smithfield, presumably the dining table and infirmary cell caused his injuries and violated his right to be free from cruel and unusual punishment.[7] However, Plaintiff has not

---

[7] Conditions of confinement may violate the Eighth Amendment if they satisfy two criteria. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the conditions must be sufficiently serious such that the official's act or omission results in the denial of "the minimal civilized measure

20

named any of the Defendants with respect to this claim. Without any allegations whatsoever of personal involvement in the alleged wrongs set forth in the complaint, the court cannot impose liability upon a Defendant simply because he or she is named generally in the complaint. Accordingly, any condition of confinement claim asserted in the complaint will be dismissed. However, in the interest of justice to this *pro se* Plaintiff, the court will grant him the opportunity to reassert a conditions of confinement claim against the Defendants in an amended complaint.[8]

### E.    **Complaint Count II - Eighth Amendment Deliberate Indifference to Serious Medical Needs**

In his complaint, Plaintiff alleges that all Defendants were deliberately indifferent to his serious medical needs with respect to the injuries he sustained in the dining hall and infirmary. For the following reasons, the court will grant the DOC Defendants' motion to dismiss with prejudice this claim, but will grant the Medical Defendants' motion to dismiss without prejudice, and will afford Plaintiff the opportunity to properly reassert a claim of deliberate indifference against Medical Defendants Doll and Long in an amended complaint.

---

of life's necessities." *Id.* (citation omitted). Second, the officials responsible for these conditions must exhibit "deliberate indifference" to the inmate's health and safety. *Id.* They must act with a state of mind "more blameworthy than mere negligence." *Id.* at 835.

[8] Because the filing in this case so far, including the complaint and the motions to dismiss, set forth no facts related to who oversees or controls the conditions of the dining hall and infirmary, this ruling applies to both sets of Defendants.

As to the DOC Defendants, non-medical prison officials are generally not "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. . . . If a prisoner is under the care of medical experts, a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill*, 372 F.3d at 236 (quoting *Durmer*, 991 F.2d at 69). *See also Foreman v. Bureau of Prisons*, No. 06-1274, 2007 WL 108457, at *5 (3d Cir. Jan. 16, 2007). A non-medical supervisory official may only be held liable if there was "knowledge of 'malicious' and 'sadistic' medical mistreatment." *Henderson v. Bussanich*, Civ. No. 3:CV-06-0925, 2006 WL 3761998, at *7 (M.D. Pa. Jun. 20, 2006) (citing *Spruill*, 372 F.3d at 236-37).

Here, the individually-named DOC Defendants cannot be deliberately indifferent even if they failed to respond to Plaintiff's medical complaints so long as he was under the care of medical professionals. *See Spruill*, 37 F.3d at 256. The DOC Defendants' reliance on the professional judgment of the medical staff who examined and treated Plaintiff, as well as referred him for outside medical evaluation, does not show that the DOC Defendants possessed "knowledge of malicious or sadistic medical mistreatment" so as to impose liability upon them, even if Plaintiff allegedly had expressed his dissatisfaction with his medical care and treatment, and

allegedly had failed to receive responses to requests for medical attention. *See Henderson*, 2006 WL 3761998, at *7. Thus, the DOC Defendants' motion to dismiss the deliberate indifference claim will be granted with prejudice.

As to the Medical Defendants, they argue that the deliberate indifference claim should be dismissed as to them because Plaintiff does not refer to any specific conduct of either Defendant Doll or Long.[9] More specifically, they contend that, with respect to the four month period without treatment Plaintiff references in his complaint, the pleading does not link the Medical Defendants to any alleged failure to treat during this time period. (Doc. 24 at 6.) The court agrees with the Medical Defendants. Plaintiff's complaint is devoid of any mention of Defendants Doll or Long, other than to simply identify them in the "Parties" section or to refer to all Defendants generally. (*See* Doc. 1.) Accordingly, the Medical Defendants' motion to dismiss any claim for deliberate indifference will be granted without prejudice. In the interest of justice to this *pro se* Plaintiff, the court will afford Plaintiff the opportunity properly to reassert this claim against Defendants Doll and Long in an amended complaint.

---

[9] For the reasons set forth *supra*, the court will dismiss this claim as to Corizon. *See supra* Part III.C.

23

## F.    Complaint Count II - Equal Protection

At Count II, Plaintiff appears to claim that the incidents involving his two falls violated his right to equal protection.[10]  In their motion to dismiss, the DOC Defendants argue that Plaintiff has failed to state an equal protection claim.  Upon review, the court agrees with the DOC Defendants and will dismiss this claim as to all Defendants.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  The Third Circuit has observed that the Equal Protection Clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons *similarly situated* should be treated alike.'" *Artway v. Attorney Gen.*, 81 F.3d 1235, 1267 (3d Cir. 1996) (emphasis in original) (quoting *City of Cleburne*, 473 U.S. at 439).  "Treatment of dissimilarly situated persons in a dissimilar manner by the government does not violate the Equal Protection Clause." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994).

To prevail here, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was treated differently from persons who are similarly situated; and (3)

---

[10]  Specifically, Plaintiff alleges, "The acts of defendants deprived plaintiff of equal protection of the laws and his rights, privileges, and immunities under the laws and Constitution of the United States, all to [P]laintiff's great detriment and loss." (Doc. 1 ¶ 28.)

that the resultant discrimination was purposeful or intentional rather than incidental. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Tillman v. Lebanon Cnty Corr. Facility*, 221 F.3d 410, 423-24 (3d Cir. 2000). Plaintiff has failed to make this showing. Not only has he failed to allege facts regarding his membership in a protected class, but he has failed to allege facts that he has been treated differently than similarly situated persons. Simply stated, there is nothing in the complaint that leads this court to conclude that any Defendant intentionally mistreated Plaintiff in order to discriminate against him. As such, the equal protection claim will be dismissed.

### G. Complaint Counts III-V - Negligence

In his complaint, Plaintiff alleges pendant state law claims of negligence with respect to his falls from the dining table and in the infirmary. In their motions to dismiss, both sets of Defendants argue that Plaintiff has failed to state a claim. For the following reasons, the court agrees with Defendants that Plaintiff has failed to state a claim, and will therefore dismiss Plaintiff's Pennsylvania state law claims for negligence. However, the court will afford Plaintiff the opportunity to reassert his claims against the individually-named Defendants in a properly pleaded amended complaint.

### i.    <u>Negligence related to Plaintiff's fall in the dining hall</u>

With respect to the negligence claim related to his fall from the dining table, the DOC Defendants argue that Plaintiff has failed to assert how each Defendant had a duty and breached that duty[11] and further contend that Plaintiff has failed to state how each Defendant's actions or omissions were a substantial cause of any injury. (Doc. 21 at 8.) As a result, the DOC Defendants maintain that any negligence claim arising from the fall from the dining table must be dismissed. Further, Medical Defendants argue that Plaintiff has failed to specify the conduct of either Defendant Long or Doll that was allegedly negligent in relation to the alleged falls. (Doc. 24 at 7.) While the court agrees that Plaintiff has failed to allege each Defendants' negligence and how it was the proximate cause of his injury, in the interest of justice

---

[11] In their motion to dismiss, the DOC Defendants set forth the cause of action for negligence as follows:

> To establish a cause of action for negligence, [Plaintiff] must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *Northwest Mutual Life Insurance Company v. Babayan*, 430 F.3d 121 (3d Cir. 2005); *Pittsburgh National Bank v. Perr*, 637 A.2d 334 (Pa. Super. 1994). Further, [Plaintiff] is required to show that the Defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. *Baum v. United States*, 541 F. Supp. 1349 (M.D. Pa. 1982). Proximate cause is defined as causation which was a substantial factor in bringing about the injury. *Hamil v. Bashline*, 392 A.2d 1280 (Pa. 1978).

(Doc. 21 at 8.)

to this *pro se* Plaintiff, the court will afford him an opportunity to reassert his claim of negligence against the individually-named Defendants in an amended complaint. Thus, both motions to dismiss Plaintiff's negligence claim related to his fall in the dining hall will be granted without prejudice.

### ii.  Negligence related to Plaintiff's fall in the infirmary

With respect to the negligence claim related to his fall in the infirmary, the DOC Defendants argue that sovereign immunity bars a claim for damages as to this claim arising from falling out of a bed. (Doc. 21 at 8-9.) Further, Medical Defendants argue that Plaintiff has failed to specify the conduct of either Defendant Long or Doll that was allegedly negligent. (Doc. 24 at 7.) In response to these arguments, Plaintiff states that in his complaint he did not assert that his injury on October 3, 2011 resulted from falling out of bed. (Doc. 26 at 4.) As there is some confusion as to the nature of Plaintiff's negligence claim relating to his fall in the infirmary on October 3, 2011, the court will afford Plaintiff the opportunity to clarify and reassert a claim against the individually-named Defendants in an amended complaint. Thus, the motion to dismiss Plaintiff's negligence claim related to his fall in the infirmary will be granted without prejudice.

### iii.    Negligent Supervision

Finally, with respect to Plaintiff's last claim of negligence relating to "negligent supervision," Medical Defendants argue that Plaintiff has failed to specify the conduct of either Defendant Long or Doll that was allegedly negligent. (Doc. 24 at 7.) The court agrees. Plaintiff has failed to allege each Defendants' negligence and how it was the proximate cause of his injury, and accordingly, will dismiss Plaintiff's claim for negligent supervision. However, in the interest of justice to this *pro se* Plaintiff, the court will afford him an opportunity to reassert his claim of negligence against the individually-named Defendants in an amended complaint. Thus, the Medical Defendants' motion to dismiss Plaintiff's claim related to alleged negligent supervision will be granted without prejudice.

## H.    Jurisdiction Over Plaintiff's Pendant State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if, *inter alia*, "the district court has dismissed all claims over which is has original jurisdiction . . . ." This decision concerning the exercise of supplemental jurisdiction is left to the sound discretion of the district court. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)). In addition, when the claim is dismissed by the district court prior to trial pursuant to a provision

such as § 1367(c)(3), "the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id.* (citing *Lovell Mfg. v. Export-Import Bank of the U.S.*, 843 F.2d 725, 732 (3d Cir. 1988); *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1284 (3d Cir. 1993)). The Third Circuit has also noted that a district court should decline jurisdiction over such claims "where the federal claims are no longer viable, absent extraordinary circumstances." *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (internal quotations omitted) (citing *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir. 1982)).

In the instant case, judicial economy, convenience, and fairness to the parties weighs in favor of this court's exercising supplemental jurisdiction over Plaintiff's pendant state law claims. While litigation is only in the motion to dismiss phase and trial has not yet been scheduled, in light of the court's decision to afford Plaintiff the opportunity to amend his complaint as to his constitutional claims rather than dismiss them with prejudice,[12] the convenience of the parties would be compromised by a

---

[12] The court recognizes that the federal claims will be dismissed as to Defendants DOC and Corizon, and the state claim of negligence based on medical malpractice will be dismissed as to Defendant DOC. However, these two Defendants are the employers of the remaining individual Defendants and, thus, are related. Asking the parties to litigate Plaintiff's remaining state claims against the DOC and Corizon in a separate state court would most likely prove burdensome to the parties.

dismissal and remand to a state court for consideration of the state claims. Avoiding proceedings in separate courts as to the same matter certainly speaks in favor of retaining supplemental jurisdiction of the pendant state law claims here. Accordingly, the court will retain supplemental jurisdiction.

## I.   **Amended Complaint**

As set forth above, the court will permit Plaintiff to file an amended complaint setting forth his conditions of confinement and negligence claims against the DOC Defendants and Defendants Doll and Long. Plaintiff will also be permitted to file an amended complaint setting forth his deliberate indifference claim against Defendants Doll and Long. Plaintiff is reminded that in preparing his amended complaint, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

Plaintiff is also reminded that his amended complaint must sufficiently allege each Defendant's personal involvement or state that any conduct attributable to each of them amounted to a violation of his constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (holding that, in order to state a viable claim under § 1983, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim). To meet the pleading standards set forth in Rule 8, Plaintiff's amended complaint must contain, at least, a modicum of factual specificity, and identify each Defendant and the particular conduct purported to have harmed him. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike Cnty Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by the defendants which have resulted in constitutional deprivations. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

31

Plaintiff is advised that if he fails to file an amended complaint adhering to the standards set forth above within the applicable time period, the claims against the DOC Defendants and Medical Defendants Doll and Long will be dismissed with prejudice for failure to state a claim.

## IV.    Conclusion

For the reasons set forth above, the DOC Defendants' motion to dismiss will be granted with prejudice as follows: (1) the section 1983 claims against the DOC Defendants in their official capacities will be dismissed; (2) Defendant SCI-Smithfield will be dismissed as a party in this action; (3) the section 1983 claims against the DOC will be dismissed; (4) the negligence claim based on medical malpractice will be dismissed as to the DOC; (5) the Eighth Amendment claim of deliberate indifference to serious medical needs will be dismissed as to the DOC Defendants; and (6) the equal protection claim will be dismissed as to the DOC Defendants. The Medical Defendants' motion to dismiss will be granted with prejudice as follows: (1) the section 1983 claims against Defendant Corizon will be dismissed; and (2) the equal protection claim will be dismissed as to Medical Defendants. The balance of the motions will be granted without prejudice as follows: (1) both motions to dismiss the Eighth Amendment conditions of confinement claims will be granted without prejudice; (2) Medical Defendants Doll and Long's motion to

dismiss the Eighth Amendment claim of deliberate indifference to serious medical needs will be granted without prejudice; and (3) both motions to dismiss as to Plaintiff's pendant state law claims of negligence will be granted without prejudice, with the exception of the claim of negligence based on medical malpractice against Defendant DOC. As to those claims that will be dismissed without prejudice, Plaintiff will be afforded leave to amend his complaint in accordance with this memorandum.

An appropriate order follows.

SYLVIA H. RAMBO
United States District Judge

Dated: February 22 , 2013.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLYDE GREEN,** | : | **CIVIL NO. 1:CV-12-00982** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN JON FISHER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motions to dismiss (Docs. 20 & 23) are **GRANTED** in part and **DENIED** in part as follows:

1) The motion to dismiss (Doc. 20) the section 1983 claims against the DOC Defendants in their official capacities is **GRANTED** with prejudice;

2) The motion to dismiss (Doc. 20) Defendant SCI-Smithfield as a party is **GRANTED** with prejudice, and "State Prison Smithfield" is dismissed as a party;

3) The motion to dismiss (Doc. 20) the section 1983 claims against Defendant DOC is **GRANTED** with prejudice;

4) The motion to dismiss (Doc. 20) the negligence claim based on medical malpractice is **GRANTED** with prejudice as to Defendant DOC;

5) The motion to dismiss (Doc. 20) Plaintiff's Eighth Amendment claim of deliberate indifference to serious medical need is **GRANTED** with prejudice as to the DOC Defendants;

6) The motions to dismiss (Docs. 20 & 23) Plaintiff's equal protection claims are **GRANTED** with prejudice;

7) The motion to dismiss (Doc. 23) the section 1983 claims against Defendant Corizon, Inc., is **GRANTED** with prejudice;

8) The motion to dismiss (Doc. 23) the Eighth Amendment claim of deliberate indifference to serious medical needs against Defendants Doll and Long is **GRANTED** without prejudice;

9) The motions to dismiss (Docs. 20 & 23) the pendant state law claims of negligence are **GRANTED** without prejudice, with the exception of the claim of negligence based on medical malpractice against Defendant DOC; and

10) Plaintiff's amended complaint shall be filed in accordance with the instructions set forth in the accompanying memorandum no later than **March 11, 2013**.

SYLVIA H. RAMBO
United States District Judge

Dated: February 22 , 2013.