IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLYDE GREEN,** | : | **CIVIL NO. 1:12-CV-0982** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **WARDEN JON FISHER, et al.,** | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff Clyde Green's motion for reconsideration (Doc. 40) of the court's memorandum and order of February 22, 2013, granting the motions to dismiss and dismissing with prejudice in part and without prejudice in part Plaintiff's claims against various Defendants, (Doc. 37). Specifically, Plaintiff seeks reconsideration of that order dismissing with prejudice his federal claim against Defendant Corizon. (Doc. 40.) For the reasons that follow, the instant motion (Doc. 40) will be denied.

## **I.    Background**

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 with a *pro se* complaint on May 24, 2012. (Doc. 1.) Plaintiff also asserted pendant state law claims of negligence. Named as Defendants were Corizon, Inc., and two medical providers at SCI-Smithfield ("Medical Defendants"), as well as a number of Department of Corrections ("DOC") employees located at SCI-Smithfield ("DOC

Defendants"). In the complaint, Plaintiff alleged that he sustained injuries on two separate occasions at SCI-Smithfield and has since been denied adequate medical care.

DOC Defendants filed a motion to dismiss the complaint and brief in support on July 11, 2012. (Docs. 20 & 21.) Medical Defendants filed a motion to dismiss and supporting brief on July 16, 2012. (Docs. 23 & 24.) After the motions were ripe for disposition, the court issued a memorandum and order granting the motions to dismiss, and dismissing with prejudice in part and without prejudice in part Plaintiff's claims against both DOC Defendants and Medical Defendants. (Doc. 37.) As to Defendant Corizon, the court dismissed Plaintiff's federal claim against it because he failed to allege the existence of any policy or custom attributable to Corizon with respect to his medical care that deprived him of his federal constitutional rights. (*Id*. at 18.) In doing so, the court concluded that Plaintiff had no support for an allegation against Corizon; rather, he was seeking to impose liability on Corizon solely as the entity responsible for providing health care to the population of SCI-Smithfield and as the employer of those individuals that allegedly failed to provide him with adequate medical care. (*Id*.) Thus, the federal claim against Corizon was dismissed with prejudice. However, Corizon remains a party in the action because the court also exercised supplemental jurisdiction over Plaintiff's pendant state law claims, and afforded Plaintiff the opportunity to amend his complaint as to the claims of negligence against all Defendants. (*See id*. at 25-30.)

Consequently, Plaintiff filed a motion for reconsideration of the court's memorandum and order on March 18, 2013. (Doc. 40.) In the motion, Plaintiff requests that the court grant him leave to amend his complaint to reassert a federal claim against Defendant Corizon.

## II. Discussion

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226

3

F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Further, in his motion, Plaintiff simply restates his previous claim against Defendant Corizon, a claim that this court has already determined to be deficient.[1] Moreover, this restatement of his federal claim against Defendant Corizon does not constitute new evidence that was unavailable when the court determined that Plaintiff had failed to establish a federal claim against this Defendant. While Plaintiff may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

---

[1] In his motion for reconsideration, Plaintiff simply generally states, "Corizon was named in plaintiff's complaint as a defendant due to its policy, procedures and custom within SCI-Smithfield that caused plaintiff injury stemming from its direct involvement of denying and delaying medical treatment of prisoner which extend beyond providing professionals to SCI-Smithfield." (Doc. 40.)

                                              <u>s/Sylvia H. Rambo</u>
                                              United States District Judge

Dated: April 3, 2013.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLYDE GREEN,** : | **CIVIL NO. 1:12-CV-0982** |
| **Plaintiff** : | **(Judge Rambo)** |
| v. : | |
| **WARDEN JON FISHER, et al.,** : | |
| **Defendants** : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 40) is **DENIED**.

                                          s/Sylvia H. Rambo
                                             United States District Judge

Dated: April 3, 2013.